IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02726-BNB

ARTHUR SANTISTEVAN,

    Plaintiff,

v.

TIMOTHY R. STEGINK, Jefferson County Sheriff's Office,
SUSAN SCOHY, Investigative Specialist, Jefferson County Sheriff's Office,
STEVEN D. HART, Deputy Sheriff, Jefferson County Sheriff's Office,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Arthur Santistevan, is in the custody of the Colorado Department of Corrections (CDOC) at the correctional facility in Buena Vista, Colorado. He has filed *pro se* a Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights. Mr. Santistevan has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.

The Court must construe the Complaint liberally because Mr. Santistevan is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. For the reasons discussed below, Mr. Santistevan will be ordered to file an amended complaint.

Mr. Santistevan alleges in the Complaint that on June 9, 2009, Defendant Stegnink, a Jefferson County Sheriff's Department investigator, prepared an affidavit in support of an arrest warrant knowing that the affidavit contained the false information that Plaintiff committed a burglary and criminal trespass on April 29, 2008.   During the criminal investigation, Defendant Hart, a Jefferson County deputy sheriff, interviewed witnesses and "informed the witness(es) that they had picked out the right person in the photographic array and that the person they picked out was a habitual criminal with a lengthy criminal record." (ECF No. 1, at 3).  Plaintiff further alleges that Defendant Scohy, a Jefferson County Sheriff's Department investigative specialist, created a photographic array prior to Plaintiff's arrest in which Plaintiff was the only Native American and the other persons pictured were Caucasian males.  Plaintiff states that Defendant Scohy deliberately prepared a suggestive identification procedure knowing that the suspect had been identified as a Native American.  Following a preliminary hearing, Mr. Santistevan was bound over for trial.  Court-appointed advisement counsel to Plaintiff subsequently interviewed the prosecution witnesses and learned that the witnesses had been "t[a]mpered with by [Defendant] Hart." (*Id.*).  Plaintiff alleges that the criminal charges were dismissed on October 3, 2012, because of witness tampering and false information contained in the affidavit in support of the arrest warrant.  Mr. Santisteven asserts that the Defendants conspired maliciously to prosecute him without probable cause in violation of his Fourth and Fourteenth Amendment rights.  He also raises § 1983 claims based on false arrest and imprisonment, violation of his equal protection rights, and deprivations of his constitutional rights to adequate medical care and access to the courts.  Mr. Santistevan seeks monetary relief.

The Complaint is deficient because Plaintiff's allegation that he was denied adequate medical care while he was a pre-trial detainee in the Jefferson County Detention Center is conclusory. The denial of adequate medical care to a pre-trial detainee implicates the Constitution. *See Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999) (noting that pre-trial detainees are protected under the Due Process Clause rather than the Eighth Amendment; however, in determining whether the plaintiff's rights were violated, the court's analysis is the same as in Eighth Amendment cases brought pursuant to § 1983) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)). The Eighth Amendment is violated when prison officials act with deliberate indifference to an inmate's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation omitted). Mr. Santisteven does not allege facts to show that he was denied appropriate medical care or that any of the named Defendants were personally involved in decisions involving his medical treatment. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'").

Mr. Santistevan also makes a conclusory allegation that he was denied access to

a legal library at the Jefferson County jail.  State inmates have a constitutional right to "'adequate, effective, and meaningful' access to the courts." *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir.1993) (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (1977)).  States may assure this right by providing law libraries or lawyer assistance. *Id*.  An inmate claiming a denial of access to courts must show "actual injury" to his ability to pursue a non-frivolous claim.  *Lewis v. Casey*, 518 U.S. 343, 349 (1996).  Mr. Santistevan does not allege an actual injury resulting from the lack of access to a law library, nor does he state facts to demonstrate that any of the named Defendants were responsible for the alleged denial of access.   Accordingly, it is

ORDERED that Plaintiff, Athur Santistevan, file **within thirty days from the date of this order,** an amended complaint on the court-approved Prisoner Complaint form that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Santistevan may obtain copies of the court-approved Prisoner Complaint form (with the assistance of his case manager of the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Santistevan fails to file an Amended Complaint as directed within the time allowed, some or all of this action may be dismissed without further notice.

DATED October 7, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge