IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02726-GPG

ARTHUR SANTISTEVAN,

      Plaintiff,

v.

TIMOTHY R. STEGINK, Investigator, Jefferson County Sheriff's Office,
SUSAN SCOHY, Investigative Specialist, Jefferson County Sheriff's Office,
STEVEN D. HART, Deputy Sheriff, Jefferson County Sheriff's Office,
JOHN HICKENLOOPER, Governor of the State of Colorado,
STATE OF COLORADO, and
JOHN/JANE DOE,

      Defendants.

---

## ORDER TO DISMISS IN PART AND TO ASSIGN CASE

---

      Plaintiff, Arthur Santistevan, is in the custody of the Colorado Department of Corrections at the correctional complex in Buena Vista, Colorado.  He initiated this action by filing, *pro se*, a Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights.

      On October 7, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because Mr. Santistevan failed to allege facts to make an arguable showing that he was deprived of adequate medical care in violation of the Constitution, or that any of the named Defendants personally participated in the alleged constitutional deprivation.  Accordingly, Magistrate Judge Boland directed Plaintiff to file an amended complaint within 30 days of the October 7 Order.  After obtaining an extension of time, Plaintiff filed an Amended Complaint on December 22, 2014.  (ECF No. 13).

Mr. Santistevan has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B)(I), the Court must dismiss the action if Plaintiff's claims are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.

The Court must construe the Amended Complaint liberally because Mr. Santistevan is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed, in part, and the remainder assigned to District Judge Raymond P. Moore and to Magistrate Judge Kathleen M. Tafoya.

**I.  Amended Complaint**

Mr. Santistevan alleges in the Amended Complaint that on June 9, 2009, Defendant Stegink, a Jefferson County Sheriff's Department investigator, prepared an affidavit in support of an arrest warrant, knowing that the affidavit contained the false information that Plaintiff committed a burglary and criminal trespass on April 29, 2008. Plaintiff further alleges that during the criminal investigation Defendant Hart, a Jefferson County deputy sheriff, interviewed witnesses and "informed the witness(es) that they had picked out the right person in the photographic array and that the person they

2

picked out was a habitual criminal with a lengthy criminal record." (ECF No. 13, at 6).

Mr. Santistevan also alleges that Defendant Scohy, a Jefferson County Sheriff's

Department investigative specialist, created an unduly suggestive photographic array in

which he was the only Native American, and the other persons pictured were Caucasian

males. Following a preliminary hearing, Mr. Santistevan was bound over for trial.

Court-appointed advisement counsel to Plaintiff subsequently interviewed the

prosecution witnesses and learned that the witnesses had been "t[a]mpered with by

[Defendant] Hart." (*Id.*). Plaintiff alleges that the criminal charges were dismissed on

October 3, 2012, because of witness tampering and the false information contained in

the arrest warrant affidavit. Mr. Santistevan asserts that the Defendants conspired

maliciously to prosecute him without probable cause, in violation of his Fourth and

Fourteenth Amendment rights. He also raises § 1983 claims based on false arrest and

imprisonment, deprivation of his equal protection rights, and violation of the Eighth

Amendment, along with a pendent state law tort claims. Mr. Santistevan seeks

monetary relief.

**II. Analysis**

    **A. Eleventh Amendment immunity**

      Mr. Santistevan's § 1983 claims against the State of Colorado are barred by the

Eleventh Amendment. States enjoy Eleventh Amendment immunity from liability under

§ 1983, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507

F.3d 1250, 1252–53 (10th Cir. 2007); *Higganbotham v. Okla. Transp. Comm'n*, 328

F.3d 638, 644 (10th Cir. 2003). Congress did not abrogate Eleventh Amendment

immunity through Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).

Accordingly, the State of Colorado is an improper party to this action and will be dismissed.

### B. Personal Participation

The Amended Complaint is also deficient because Mr. Santistevan fails to allege that Defendants John Hickenlooper and the John/Jane Doe Defendant(s) were personally involved in the alleged deprivations of his constitutional rights.   Magistrate Judge Boland warned Mr. Santistevan in the October 7 Order that allegations of personal participation are essential in a § 1983 action.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.2009) (stating that a § 1983 claim requires "personal involvement in the alleged constitutional violation."); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (same).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .—express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  A supervisor defendant is not subject to liability under § 1983 on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (stating that a supervisor can only be held liable for his own deliberate intentional acts); *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (stating that "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who

actually committed a constitutional violation.").

Because Mr. Santistevan does not allege any facts to implicate Defendants Hickenlooper and John/Jane Doe in the alleged constitutional deprivations, those Defendants are improper parties to this action and will be dismissed.

## C. The Claims

Mr. Santistevan asserts § 1983 claims against Defendants Stegink, Hart and Scohy for false arrest, false imprisonment, malicious prosecution, deprivation of his equal protection rights, and violation of the Eighth Amendment.

### 1. False arrest and imprisonment

Mr. Santistevan cannot pursue § 1983 claims of false arrest and imprisonment because he alleges that he was arrested and detained after the initiation of legal process, i.e., the state court's issuance of an arrest warrant.

As explained by the Tenth Circuit in *Myers v. Koopman*, 738 F.3d 1190 (10th Cir. 2013):

> Unreasonable seizures imposed without legal process precipitate Fourth Amendment false imprisonment claims. *See Wallace* [*v. Kato*], 549 U.S. [384,] 389, 127 S.Ct. 1091 [(2007)] (concluding that false imprisonment was the proper analogy where defendants did not have a warrant for the plaintiff's arrest and thus detention occurred without legal process). Unreasonable seizures imposed with legal process precipitate Fourth Amendment malicious-prosecution claims. *See Heck* [*v. Humphrey*], 512 U.S. [477,] 484, 114 S.Ct. 2364 [(1994)] (where detention occurs with legal process the "common-law cause of action for malicious prosecution provides the closest analogy").

*Id.* at 1194. *See also Wilkins v. DeReyes*, 528 F.3d 790, 793-94, 799 (10th Cir. 2008) (concluding that where police officer obtained an arrest warrant for plaintiff based on fabricated evidence gathered by using coercive interrogation techniques and plaintiff

challenged his detention after the institution of legal process, the claim that the legal process itself was wrongful stated a "Fourth Amendment violation sufficient to support a § 1983 malicious prosecution cause of action."); *Mondragon v. Thomas*, 519 F.3d 1078, 1083 (10th Cir. 2008) ("After the institution of legal process, any remaining constitutional claim is analogous to a malicious prosecution claim.").

The § 1983 claims of false arrest and imprisonment will be dismissed.

### 2.  Fourteenth Amendment equal protection claim

The Equal Protection Clause of the Fourteenth Amendment forbids states from "deny[ing] to any person within [their] jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).   Because Mr. Santistevan does not allege any facts to show that the Defendants treated him differently from other persons who were similarly situated, he fails to state an arguable equal protection violation.  *See Brown v. Montoya*, 662 F.3d 1152, 1172–73 (10th Cir. 2011) ("[T]o assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them."(internal quotation marks omitted)); *see also Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (stating that even in "class of one" equal protection claim, the plaintiff must show that he "has been intentionally treated differently from others similarly situated.").

Accordingly, the equal protection claim will be dismissed.

### 3.  Eighth Amendment claim

The Eighth Amendment, which applies to convicted prisoners, is violated when

prison officials act with deliberate indifference to a serious risk of harm to inmate health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment standards are applicable to pre-trial detainees under the Fourteenth Amendment Due Process Clause. *See Lopez v. LeMaster*, 172 F.3d 756, 759 n. 2 (10th Cir. 1999).

Mr. Santistevan's allegations against the Defendants, who were not responsible for the conditions of Plaintiff's pre-trial confinement in jail, do not implicate the Eighth Amendment or the Due Process Clause. The crux of Plaintiff's cause of action against the Defendants is one for malicious prosecution. The Eighth Amendment claim will be dismissed.

### 4. State law tort claims

Plaintiff's state law tort claims are time-barred.

Under Colorado law, "[a]ll actions against sheriffs, coroners, police officers, firefighters, national guardsmen, or any other law enforcement authority" must be commenced within one year after the cause of action accrues "regardless of theory upon which suit is brought." COLO.REV.STAT. § 13-80-103(1)(c) (2014). This statute applies to  Defendants Steglink, Scohy and Hart. *See*, *e.g., Moore v. Town of Erie*, No. 12-cv-02497-CMA-MJW, 2013 WL 3786646, *5 (D. Colo. July 19, 2013) (stating that statute of limitations under § 13-80-103(1)(c), C.R.S., for actions against a police officer is one year.); *Handy v. Pascal*, No. 11-cv-00708-WYD-KMT, 2011 WL 5176153, at (D. Colo. Aug. 29, 2011) (state law tort claim asserted against defendant narcotics investigator with Aurora police department was barred by § 13-80-103(1)(c), C.R.S.), *adopted and aff'd by* 2011 WL 5240435, at *9 (D. Colo. Oct. 31, 2011).

Plaintiff's state law tort claims against the Defendants accrued no later than

October 2012, when the criminal charges against him were dismissed.  Because

Plaintiff commenced this action in 2014, his state law tort claims are time-barred.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that

Mr. Santistevan's § 1983 malicious prosecution claim against Defendants Stegink,

Scohy and Hart does not appear to be appropriate for summary dismissal and that the

case should be assigned to District Judge Raymond P. Moore and Magistrate Judge

Kathleen M. Tafoya, pursuant to D.C.COLO.LCivR. 40.1(c)(1) because Plaintiff has

another pending case – Civil Action No. 14-cv-00936-RM-KMT.

## III.  Orders

For the reasons discussed above, it is

ORDERED that all of the § 1983 and state law tort claims asserted in the

Amended Complaint are DISMISSED, except for the § 1983 malicious prosecution claim

against Defendants Stegink, Scohy and Hart.  It is

FURTHER ORDERED that Defendants State of Colorado, John Hickenlooper,

and John/Jane Doe are DISMISSED.  It is

FURTHER ORDERED that the § 1983 malicious prosecution claim against

Defendants Stegink, Scohy and Hart shall be assigned to District Judge Raymond P.

Moore and Magistrate Judge Kathleen M. Tafoya, pursuant to D.C.COLO.LCivR.

40.1(c)(1).

DATED December 29, 2014, at Denver, Colorado.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court