IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–02726–RM–KMT

ARTHUR SANTISTEVAN (AKA – ARTHUR SANTISTEVEN),

      Plaintiff,

v.

TIMOTHY R. STEGINK, Investigator Jefferson County Sheriff's Office,
SUAN SCOHY, Investigative Specialist Jefferson County Sheriff's Office, and
STEVEN D. HART, Deputy Sheriff Jefferson County Sheriff's Office,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This case comes before the court on the "Jefferson County Sheriff Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)." (Doc. No. 18, filed Jan. 21, 2015.) For the following reasons, Defendants' Motion to Dismiss is GRANTED.

## FACTUAL BACKGROUND

      The following facts are taken from Plaintiff's Amended Prisoner Complaint. (Doc. No. 13 [Am. Compl.].) Plaintiff alleges that on June 9, 2009, Defendant Stegink, a Jefferson County Sheriff's Department investigator, prepared an affidavit in support of an arrest warrant for Plaintiff for an April 29, 2008 burglary and theft. (Am. Compl. at 5.) Plaintiff maintains that Defendant Stegink knew that the affidavit contained "unsubstantiated, falsified information" and was based on an unduly suggestive photographic array that featured Plaintiff as

the only Native American among five other white males.  (*Id.* at 5, 9, 16.)  Plaintiff alleges that

Defendant Scohy, a Jefferson County Sheriff's Department investigative specialist, was

responsible for creating this unduly suggestive photographic array.  (*Id.* at 16.)  Plaintiff further

alleges that during the criminal investigation, Defendant Hart, a Jefferson County deputy sheriff,

interviewed witnesses and "informed the witness(es) that they had picked out the right person in

the photographic array and that the person they picked out was a habitual criminal with a lengthy

criminal record."  (*Id.* at 6.)

Upon reviewing Defendant Stegink's affidavit, the court found probable cause to support

the arrest warrant and Plaintiff was arrested the same day.  (*Id.* at 5, 10.)  Following a

preliminary hearing, Plaintiff was bound over for trial.  (*Id.* at 12.)  Plaintiff alleges that his

court-appointed advisory counsel subsequently interviewed the prosecution witnesses and

learned that the witnesses had been "t[a]mpered with by [Defendant] Hart."  (*Id.* at 6.)  Plaintiff

maintains that the criminal charges against him were dismissed on October 3, 2012 due to

witness tampering and the false information contained in the arrest warrant affidavit.[1]  (*Id.*)

## PROCEDURAL HISTORY

Plaintiff's original Complaint is dated October 2, 2014 and was filed in this court on

October 6, 2014.  (Doc. No. 1.)  On October 7, 2014, Magistrate Judge Boyd N. Boland ordered

Plaintiff to file an amended complaint that cured certain deficiencies in his original Complaint..

(Order, Doc. No. 5.)

---

[1] As will be discussed further, *infra* this date appears to be a deliberate misstatement.
Defendants have submitted a certified copy of the Register of Actions from Plaintiff's criminal
case showing that the charges against Plaintiff were <u>actually</u> dismissed on September 26, 2012.
(Mot., Ex. A.)

Plaintiff filed his Amended Complaint on December 11, 2014.  (Am. Compl.)  Plaintiff alleges claims under 42 U.S.C. § 1983 for (1) falsifying information under oath for an arrest warrant; (2) false imprisonment; (3) malicious prosecution; (4) violation of due process; (5) violation of the Plaintiff's civil rights; (6) cruel and unusual punishment; (7) denial of equal protection of the law; (8) deliberate indifference; and (9) failure to train and properly supervise. (*Id.*)

On December 29, 2014, Senior District Judge Lewis T. Babcock entered an "Order to Dismiss in Part and to Assign Case" which dismissed all of Plaintiff's claims except for his § 1983 malicious prosecution claim.  (*Id.* at 8.)  Accordingly, Plaintiff's Amended Complaint remains pending only as to his malicious prosecution claim.

Defendants' Motion to Dismiss was filed on January 21, 2015.  (*See* Mot. Dismiss.) Plaintiff filed a Response on March 26, 2015[2] (Doc. No. 24) and Defendants' Reply was filed on April 7, 2015 (Doc. No. 25).[3]

## LEGAL STANDARDS

### A.   Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

---

[2] Plaintiff's Response is untimely under D.C.COLO.LCivR 7.1(d).  However, because Defendants do not maintain in their Reply that the court should disregard the Response as untimely, the court has considered Plaintiff's Response in this Recommendation.

[3] Plaintiff filed a document entitled "Plaintiff's Closing Response to Defendant(s) [sic] Motion to Dismiss" on June 10, 2015.  (Doc. No. 29.)  The court struck this document on June 11, 2015 as an unauthorized surreply.  (Minute Order, Doc. No. 30.)

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**B.**     ***Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id*. at 679-81.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments.  *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

5

## ANALYSIS

### A.    *False Arrest and False Imprisonment Claims*

Defendant argues that Plaintiff's malicious prosecution claim is barred under the applicable statute of limitations.  The court agrees.

Although an affirmative defense, the statute of limitations can be raised on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Torrez v. Eley,* 378 F. App'x 770, 772 (10th Cir. 2010) (quoting *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

"[T]he limitations period for an action under 42 U.S.C. §1983 . . . is set by the personal injury statute in the state where the cause of action accrues." *Roberts v. Barreras,* 484 F.3d 1236, 1238 (10th Cir. 2007).  In Colorado, the applicable statute of limitations is two years. *Myers v. Koopman* 738 F.3d 1190, 1194 n.2 (10th Cir. 2013) (citing Colo. Rev. Stat. § 13-80-102(1)(a)).  Federal law, however, "determines the date on which the claim accrues and, therefore, when the limitations period starts to run." *Id.* A claim for malicious prosecution accrues when the underlying criminal proceedings have terminated in the plaintiff's favor. *Myers v. Koopman,* 738 F.3d 1190, 1193 (10th Cir. 2013) (citing *Heck v. Humphrey,* 512 U.S. 477, 489 (1994)).

Here Plaintiff alleges that the criminal proceedings terminated on October 3, 2012.  (Am. Compl. at 6.)  However, the certified copy of the Register of Actions filed by Defendants is subject to judicial notice and therefore must be considered by the court.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on a Rule 12(b)(6) motion to

dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice; *see also St Louis Baptist Temple, Inc. v. FDIC,* 605 F. 2d 1169, 1172 (10th Cir. 1979) (the court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").  Because the Register of Actions indisputably shows that Plaintiff's criminal case was dismissed on September 26, 2012, the court need not accept Plaintiff's allegation that his criminal case was dismissed on October 3, 2012.  *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1385 (10th Cir. 1997) ("factual allegations that contradict . . . a properly considered document are not well-pleaded facts that the court must accept as true").

Accordingly, the court finds that Plaintiff's malicious prosecution claim accrued on September 26, 2012 when his criminal case terminated in his favor.  As such, Plaintiff was required to file this action no later than September 26, 2014.  Plaintiff's original Complaint, however, is dated October 2, 2014 and was not filed until October 6, 2015.  As such, the court finds that Plaintiff's malicious prosecution claim is time-barred[4] and that, as a consequence,

---

[4] As an affirmative defense, a statute of limitations may be subject to certain defenses such as equitable tolling. *See Rotella v. Woods,* 528 U.S. 549, 558-61 (2000) (holding that federal statutes of limitations "are generally subject to equitable principles of tolling").  However, Plaintiff bears the burden of demonstrating that equitable tolling is appropriate in this case. *Braxton v. Zavaras,* 614 F.3d 1156, 1159-60 (10th Cir. 2010).  Plaintiff's Response does not respond to Defendants' time-bar arguments, let alone raise the issue of equitable tolling.  (*See* Resp.)

Defendants' Motion to Dismiss is properly granted.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Jefferson County Sheriff Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 18) be GRANTED and that Plaintiff's Amended Complaint be DISMISSED with prejudice.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED this 31st day of July, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge