## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 14-cv-02726-RM-KMT

ARTHUR SANTISTEVAN, a/k/a Arthur Santisteven,

     Plaintiff,

v.

TIMOTHY R. STEGINK, Investigator Jefferson County Sheriff's Office,
STEVEN D. HART, Deputy Sheriff Jefferson County Sheriff's Office, and
SUSAN SCOHY, Investigative Specialist Jefferson County Sheriff's Office,

     Defendants.

---

## ORDER

---

This matter is before the Court on the Magistrate Judge Kathleen M. Tafoya's recommendation ("Recommendation") (ECF No. 32) on Defendants Timothy R. Stegink ("Stegink"), Steven D. Hart ("Hart"), and Susan Scohy's ("Scohy")[1] (collectively, the "Sheriff Defendants") motion to dismiss (ECF No. 18) Plaintiff Arthur Santistevan's ("Santistevan") Amended Complaint ("Amended Complaint") (ECF No. 13).  Plaintiff filed an objection ("Objection") (ECF No. 35) to the Recommendation.

For the reasons stated below, the Court (1) OVERRULES Plaintiff's Objection; (2) ACCEPTS and ADOPTS the Recommendation; (3) GRANTS Sheriff Defendants' motion to dismiss; and (4) DISMISSES Plaintiff's Amended Complaint.

---

[1] The caption of the matter lists "Suan Scohy."  (*See generally* Dkt.)  The parties refer to her as "Susan Scohy." (ECF No. 13 at 2; ECF No. 18 at 1.)  It is inconsequential to the Court's analysis as to the correct spelling of Scohy's first name.

## I.     LEGAL STANDARDS

### A.     Review of the Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule

of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of

the magistrate judge's [recommendation] that has been properly objected to."  In conducting its

review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P.

72(b)(3).  An objection to a recommendation is proper if it is filed timely in accordance with the

Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus

attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United

States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S.

140, 147 (1985)).  In the absence of a timely and specific objection, "the district court may

review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927

F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory

Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation.").

### B.     Rule 12(b)(6) Motion

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

P. 8(a)(2).  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must

be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its

face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a

complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id.* at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* A "plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original, internal citation and quotation omitted).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotation and citation omitted). The Tenth Circuit has further noted "that the nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id.* (Internal quotation and citation omitted.) Thus, the Tenth Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and

conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme C]ourt stated will not do.'" *Id*. (Citation omitted.)

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in a plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998) (citation omitted); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996) (citations omitted). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions. . . .'" *Khalik*, 671 F.3d at 1190 (quoting *Iqbal*, 556 U.S. at 678). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*.

## C.   *Pro Se* Status

Plaintiff is proceeding *pro se*. The Court, therefore, reviews his pleadings and other filings liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of

those issues) (citations omitted).  Plaintiff's *pro se* status does not entitle him to application of

different civil procedure rules.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Wells*

*v. Krebs*, Case No. 10 CV 00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation

omitted), *affirmed and adopted in* 2010 WL 4449729.

## II.    BACKGROUND

Plaintiff is a pro se prison inmate housed at Buena Vista Correctional Center ("BVCC").

(ECF No. 13 at 2.)  Plaintiff has brought claims against Sheriff Defendants under 42 U.S.C. §

1983 alleging malicious prosecution[2].  Plaintiff also brought suit against other defendants who

have previously been dismissed from the matter pursuant to Judge Lewis T. Babcock's order

under Local Civil Rule 8.1(b) and 28 U.S.C. § 1915(e)(2)(B).  (ECF No. 14 at 8.)

Plaintiff alleges that his civil rights have been violated because on June 9, 2009, Stegink,

a Jefferson County Sheriff's Department investigator, prepared an affidavit in support of an

arrest warrant for Plaintiff for an April 29, 2008 burglary and theft.  (ECF No. 13 at 5.)  Plaintiff

alleges that Stegink knew that the affidavit contained "unsubstantiated, falsified information"

and was based on an unduly suggestive photographic array that featured Plaintiff as the only

Native American among five other white males.  (ECF No. 13 at 5, 9, 16.)  Plaintiff alleges that

Scohy, a Jefferson County Sheriff's Department investigative specialist, was responsible for

creating this unduly suggestive photographic array.  (ECF No. 13 at 16.)   Plaintiff further alleges

that during the criminal investigation, Hart, a Jefferson County Deputy Sheriff, interviewed

witnesses and "informed the witness(es) that they had picked out the right person in the

---

[2] Plaintiff's original complaint is dated October 2, 2014 and was filed in the Court on October 6, 2014.  (ECF No. 1.)
On October 7, 2014, Magistrate Judge Boyd N. Boland ordered Plaintiff to file an amended complaint.  (ECF No. 5.)
Plaintiff filed his Amended Complaint on December 11, 2014.  (ECF No. 13.)  On December 29, 2014, pursuant to
Local Civil Rule 8.1(b) and 28 U.S.C. § 1915(e)(2)(B), Judge Lewis T. Babcock dismissed all of Plaintiff's claims
except for his 42 U.S.C. § 1983 malicious prosecution claim against Sheriff Defendants.  (ECF No. 14 at 8.)  Thus,
the other claims and defendants are not before the Court.

photographic array and that the person they picked out was a habitual criminal with a lengthy criminal record." (ECF No. 13 at 6.)

Upon reviewing Stegink's affidavit, the court found probable cause to support the arrest warrant and Plaintiff was arrested the same day. (ECF No. 13 at 5, 10.) Following a preliminary hearing, Plaintiff was bound over for trial. (ECF No. 13 at 12.) Plaintiff maintains that the criminal charges against him were dismissed on October 3, 2012[3]. (ECF No. 13 at 6.)

Sheriff Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 18). The Court referred that motion to Magistrate Judge Tafoya. (ECF No. 19). Magistrate Judge Tafoya issued her Recommendation. (ECF No. 32). Plaintiff requested an extension of time in which to file objections to the Recommendation which the Court granted. (ECF Nos. 33, 34.) Plaintiff filed his Objection to the Recommendation and Defendant filed a response. (ECF Nos. 35, 36.)

## III.   ANALYSIS

Although Plaintiff's objection is long with detailed recitations of the law, Plaintiff only cites to two specific errors in Magistrate Judge Tafoya's factual findings or legal analysis.[4] (ECF No. 35 at 4.) "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." *2121 E. 30th St.*, 73 F.3d at 1060. Further, "objections should not be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Haden v. Green*, Case No. 10-cv-0515-RBJ-KMT, 2013 WL 328992, *1 (D. Colo. Jan. 29, 2013) (citation omitted). The Court has great discretion in determining what level of scrutiny

---

[3] As will be discussed further, *infra*, this date is a misstatement as the certified copy of the Register of Action from Plaintiff's criminal case shows that the charges against Plaintiff were actually dismissed on September 26, 2012. (ECF No. 18-1 at 19.)

[4] The Court does not reach issues outside of the Recommendation.

to use in reviewing the Recommendation.  *Summers*, 927 F.2d at 1167 ("In the absence of [a] timely objection, the district court may review a magistrate . . . [judge's] report [and recommendation] under any standard it deems appropriate.")  De novo review is not triggered where a party's objections to a recommendation are not specific but rather are "conclusory or general objections," or a reiteration of a party's original arguments.  *Rocha v. CCCF Admin.*, Case No. 09-cv-01432-CMA-MEH, 2010 WL 1333185, *3 (D. Colo. Apr. 2, 2010) (citation omitted).  Therefore, to those findings of the Magistrate Judge to which Plaintiff did not file a specific objection[5], the Court concludes that Judge Tafoya's analysis was thorough and sound, and that there is no clear error on the face of the record.  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

With respect to Plaintiff's specific objections; namely, Magistrate Judge Tafoya erred (1) in her interpretation of the date on which the criminal charges Plaintiff faced were dismissed (ECF No. 35 at 4); and (2) in her application (or lack thereof) of the prisoner mailbox rule (ECF No. 35 at 4), the Court engages in a de novo review.

### A.      Applicable Date on Which Plaintiff's Claims Accrued

Failure to bring suit within the statute of limitations, although an affirmative defense, can be raised in a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished."  *Torrez v. Eley*, 378 F. App'x 770, 772 (10th Cir. 2010) (unpublished) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

---

[5] Because Plaintiff is pro se and the Court liberally construes a pro se plaintiff's filings, the Court has also reviewed, in its entirety, Magistrate Judge Tafoya's Recommendation de novo.  The Court finds no error in Magistrate Judge Tafoya's Recommendation and thus, agrees with her legal analysis and findings.

"[T]he limitations period for an action under 42 U.S.C. § 1983 . . . is set by the personal injury statute in the state where the cause of action accrues." *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007) (citations omitted).  In Colorado, the applicable statute of limitations is two years. *Myers v. Koopman*, 738 F.3d 1190, 1194 n.2 (10th Cir. 2013) (citing Colo. Rev. Stat. § 13-80-102(1)(a)).  Federal law, however, "determines the date on which the claim accrues and, therefore, when the limitations period starts to run." *Id*.  A claim for malicious prosecution accrues when the underlying criminal proceedings have terminated in the plaintiff's favor. *Myers*, 738 F.3d at 1194 (citing *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)).

Plaintiff alleges that the criminal proceedings terminated in his favor on October 3, 2012. (ECF No. 13 at 6.)  Plaintiff, in his Objection, attaches a copy of the order dismissing the criminal case which is signed October 3, 2012.  (ECF No. 24 at 29.)  The order dismissing the criminal case, however, also includes documentation stating "nunc pro tunc 9/26/2012."  (ECF No. 24 at 29.)  "Nunc pro tunc" is defined as "[h]aving retroactive legal effect through a court's inherent power."  Black's Law Dictionary 1237 (10th ed. 2009).  Therefore, the court's order dismissing the criminal case had an effective date of September 26, 2012.  This is the date Magistrate Judge Tafoya used in her Recommendation.  (ECF No. 32 at 7.)  Thus, there is no error in the Magistrate Judge's factual finding and legal analysis.  Plaintiff was required to file his complaint on or before September 26, 2014.

The certified copy of the Register of Actions filed by Sheriff Defendants (ECF No. 18-1) is subject to judicial notice and must be considered by the Court.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that "courts must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on a Rule 12(b)(6) motion to dismiss, in particular, documents incorporated into the complaint by reference and matters of

which a court may take judicial notice"); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (the court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citations omitted).  Because the Register of Actions (ECF No. 18-1 at 19) indisputably shows that Plaintiff's criminal case was dismissed on September 26, 2012, the Court does not need to accept Plaintiff's allegation that his criminal case was dismissed on October 3, 2012. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) ("factual allegations that contradict . . . a properly considered document are not well-pleaded facts that the court must accept as true") (citation omitted).

Thus, the Magistrate Judge properly found that Plaintiff's malicious prosecution claim accrued on September 26, 2012 when his criminal case terminated in his favor.  Plaintiff's complaint (ECF No. 1), however, was not filed within the statute of limitations.  Thus, Plaintiff's Amended Complaint is subject to dismissal as time-barred.[6]

### B.    Prison Mailbox Rule

Plaintiff argues that Magistrate Judge Tafoya erred by not applying the prison mailbox rule. (ECF No. 35 at 4.)  Plaintiff's argument, in this regard, however proceeds no further.  (*See generally* ECF No. 35.)

Under the prison mailbox rule, "an inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (citation omitted).  The inmate bears the burden of proof on this issue and can

---

[6] Plaintiff did not raise an equitable tolling defense to the statute of limitations argument set forth by Sheriff Defendants. (*See generally* ECF No. 24.)  Plaintiff's response that he "was not at the Court hearing at the time of the filing of the [m]otion to [d]ismiss" the criminal case is a non sequitur. (ECF No. 24 at 24.)  If Plaintiff has a complaint regarding his lack of being informed on or about September 26, 2012 about the dismissal of the criminal charges, his complaint is with his lawyer at that time.

establish the date on which the papers were provided to a prison official in one of two ways:  (1)

the inmate must use the prison legal mail system if the prison has one; or (2) if such system does

not exist or is inadequate, the inmate must submit a declaration or notarized statement setting

forth the date of deposit with prison officials and attest that first-class postage was pre-paid.  *Id*.

The only indication of the application of the prisoner mailbox rule to this matter is in

Plaintiff's response to the motion to dismiss, not in Plaintiff's Objection, where Plaintiff states he

filed his paperwork in the prisoner mailbox on October 2, 2014.  (ECF No. 24 at 21-22.)  This

date, however, is still after expiration of the statute of limitations in which Plaintiff could file his

claim for malicious prosecution, *see supra* Analysis.A.

Therefore, although the Magistrate Judge did not apply the prison mailbox rule, such

error, if any, was harmless.

## IV.    CONCLUSION

Based on the foregoing, the Court:

(1)    OVERRULES Plaintiff's Objection (ECF No. 35);

(2)    ACCEPTS and ADOPTS the Magistrate Judge's Recommendation (ECF No. 32);

(3)    GRANTS Sheriff Defendants' motion to dismiss (ECF No. 18); and

(4)    DISMISSES with PREJUDICE Plaintiff's Amended Complaint (ECF No. 13).

DATED this 22nd day of September, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge